Argued and submitted January 9, affirmed February 22, 1984

BARKER et al,
*Appellants,*

*v.*

CITY OF PORTLAND,
*Respondent.*

(A8303-01636; CA A28442)

676 P2d 1391

Will Aitchison, Portland, argued the cause for appellant. With him on the brief was Aitchison & Sherwood, P.C., Portland.

Thomas R. Williams, Senior Deputy City Attorney, Portland, argued the cause for respondent. With him on the brief was Christopher P. Thomas, City Attorney, Portland.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

Plaintiffs appeal from a judgment dismissing an action brought under the Public Meetings Law. ORS 192.610 *et seq.* They contend that their exclusion from a Portland City Council executive session violated their right under ORS 192.660(3) to attend such sessions. We affirm.

On January 18, 1983, the Portland City Council convened in executive session to conduct deliberations with persons designated by the Council to negotiate with city unions, including the Portland Police Association. Plaintiff Barker, the editor-in-chief of plaintiff The Rap Sheet, Inc., was not allowed to attend the executive session meeting. He is a member of the Portland Police Association. The Rap Sheet, Inc., is a monthly newspaper published on behalf of the Association and the Oregon Council of Police Associations. Other representatives of news media were allowed to attend the meeting. The Council excluded plaintiff Barker for the stated reasons that he is a member of one of the unions with which it was carrying on labor negotiations and that, in its opinion, the other attending representatives of the news media could provide adequate coverage of the meeting. Plaintiffs argue that a public body is not authorized to exclude representatives of the news media selectively from executive sessions held to discuss labor relations matters for the reasons given by the Council in this case.

Oregon's Public Meetings Law was enacted to assure that most decisions of governing bodies be arrived at openly and to increase public awareness of information affecting the deliberations and decisions of governing bodies. ORS 192.620. The law provides in general that governing bodies' meetings shall be open to the public. ORS 192.630. In specific situations, the law authorizes governing bodies to conduct "executive sessions" that are not open to the general public. ORS 192.660 enumerates the subjects that are appropriate for a governing body to consider in executive session. One of those is "deliberations with persons designated by the governing body to carry on labor negotiations." ORS 192.660(1)(d). Although members of the general public may be excluded from executive sessions, representatives of the news media have a statutory right to attend most executive sessions, but they

may be required not to disclose specified information discussed in those sessions. ORS 192.660(3).[1] However, that provision specifically denies representatives of news media a statutory right to attend executive sessions held pursuant to ORS 192.660(1)(d) for the purpose of discussing labor negotiations.

That is the fatal flaw in plaintiffs' claim. The complaint alleges that their exclusion from defendant's executive session held pursuant to ORS 192.660(1)(d) violated the Public Meetings Law. However, neither plaintiffs nor any other representatives of news media have any statutory right to attend that sort of executive session, and there is therefore no statutory basis for plaintiffs' claim. The council's decision to exclude plaintiffs and not other representatives of the news media was purely a matter of discretion and is not governed by the act. The Council was not required to allow *any* representatives to attend. Plaintiffs' claim is based on a statutory right that does not exist.[2]

Affirmed.

---

[1] ORS 192.660(3):

"(3) Representatives of the news media shall be allowed to attend executive sessions *other than those held under paragraph (d) of subsection (1) of this section relating to labor negotiations* or executive session held pursuant to ORS 332.061(2) but the governing body may require that specified information subject of the executive session be undisclosed." (Emphasis supplied.)

[2] Plaintiffs raise no constitutional issues.